JUDGE PRYOR
delivered the following as his dissenting OPINION.
The husband devises to his wife all his estate during her natural life. She accepts the provisions of the will. He dies insolvent. Does she lose both her dower and homestead?
Although the wife may have a contingent right of dower in the real estate of the husband, the creditors of the latter may subject the whole land not only to the payment of his debts, but deprive both the husband and wdfe of the entire use and possession during the life of the husband; but as to the homestead, no process known to the law will enable the creditor to deprive the owner and his family of the right to use and occupy it. After the husband’s death it passes to his widow, with the right of the infant children to occupy it jointly with her. The creditor of the husband can at no time reach it so long as it is occupied by those entitled.
*528 It is maintained, however, that this homestead right can be so disposed of by the last will of the husband as t.o deprive the widow of its use, although in her possession at the husband’s death, and make it liable to the claims of creditors; that this part of the debtor’s estate is exempt from seizure and sale by creditors while he is alive, but after his death becomes liable for all his debts, because he has devised his whole estate to his widow, and she has elected to take under the will by qualifying as executrix and proceeding to execute its provisions.
What estate did he devise ? He certainly devised the whole of his estate to his widow for her life, and the principal inquiry then arises, did he devise the homestead right ?
The statute expressly provides “that such exemption shall continue after his death for the benefit of his wife and children,” and a devise of the testator’s estate for the benefit of his wife, although accepted by her, in no wise affected' her right to a homestead.
This is a contest between the widow and creditors of the husband. No controversy can arise as between the heirs and the widow, as the testator had the undoubted right to devise his whole estate as he saw proper. The creditors insist that as the whole estate was devised to the widow7 for life, she must either take under the will or against it, and having failed to renounce its provisions, she has elected to hold under it, and lost her homestead, and the whole estate may be sold to pay the husband’s debts.
How were the rights of creditors affected by the provisions of the will and the failure of the widow to renounce her right to hold under it? All the property was liable for the husband’s debts after his death that could have been made liable while he was living. The policy and object of the law were to secure the debtor and his family a home, and for this purpose prevented the husband from even creating a lien without the wife’s consent. The framers of the statute never contemplated *529 that this right could be surrendered except in the manner pointed out by the statute. A widow may renounce the provisions of her husband’s will made in lieu of dower by an express provision of the statute; but there is no law requiring the renunciation to be made of the provisions in a will so as to enable the widow to retain the homestead, nor does the doctrine of election apply in such a case.
Before the passage of the homestead law all the husband’s real estate while he was living could be sold by creditors, and the wife was vested with no interest that she could assert.
The wife is entitled to dower in the event she survives her husband; and if a devise is made to her in lieu of dower, she must elect to take either under the will or what the law gives her. The whole real estate of the husband being subject to his debts prior to his death, and the law vesting in the wife one third of his real estate for her life after his death, to that extent the rights of creditors are diminished, and the law will not permit the widow to hold both the dower and the property devised in lieu of dower, as it would be unjust not only to creditors, but to the heirs also, and therefore she is required to elect, and must take either under the will or what the law gives her, and if she takes under the will, holds subject to the debts due by the estate. Not so with the homestead. The creditor could not have made his debt out of the homestead during the life of the debtor. His rights as a creditor are neither impaired or diminished.
If the testator, living with his wife at the time of his death in the little cottage in controversy, had owned two hundred acres of valuable land in the county of Fayette, and by his will had devised this land to his widow, would she have been compelled to renounce the provisions of the will in order to retain her homestead in the town of Athens? This right of homestead is unlike the dower estate of the wife. The interest the wife has in the real estate of the husband, after his death, *530 is vested in her by reason of the marital relation, while the right to a homestead is given by law to both the husband and wife as a protection against the claims of creditors, and can not be subjected by the creditors of either. The husband may alien or dispose of it by absolute sale, or he may cease to occupy it, thus losing the right to both husband and wife; but unless such acts are done by the husband in his lifetime, he has no right to dispose of it by will so as to deprive the widow and infant children of its possession and use. If he devises it to the wife, she only takes what the law has already cast upon her; and if the devise includes the whole estate, it is all subject to his debts in the same manner it would be if he was living.
I can not see why a holding under the will should be permitted to enlarge the rights of creditors, when the object of the law is to secure the homestead for the widow and infant children as well as the husband, and more particularly when the creditor can subject the same property after the husband’s death that he could before. Where the widow claims dower the rights of the heirs and creditors are diminished; and if there is a devise in lieu of dower, these rights being still more impaired, she is required to make her election.
This homestead is not liable for the debts of the widow; it was not liable for the debts of the husband; and why the passing of the title to all of the husband’s estate to the wife should deprive her of this right, I am unable to perceive. Suppose the husband in his lifetime, instead of making the devise to the wife for life, had conveyed to her by deed the absolute title, would this have deprived her of the homestead as against the husband’s creditors? Can it be said that because she claims to hold under the deed the estate that the husband conveyed, therefore she forfeits her right to a homestead after the husband’s death as against his creditors? Why will the chancellor require the widow to elect when the *531 rights of no one are to be affected by it ? How can the creditor demand or insist that an election has been made, when every vestige of property liable to execution while the husband lived may still be sold ? The rights of these creditors must be affected in some way before this doctrine of election can be applied for their benefit.- The chancellor, when called upon to subject the homestead, sees that the rights of creditors have not been affected by the action of the widow; and not only so, that she was one of the beneficiaries of this legal exemption before as well as after the death of the husband, and therefore he ought not to have deprived her of this right.
As it is, the husband’s estate proves to be insolvent; and while I concede that the wife’s dower is gone by her failure to renounce the provisions of the will, I must dissent from a conclusion that deprives her not only of her dower, but her homestead also.